IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS TOMAJCIK,

                Plaintiff,

v.

HOFFMAN and REYNOLDS,

                Defendants.

OPINION AND ORDER

19-cv-85-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Thomas Tomajcik, who is incarcerated at the Racine Correctional Institution, is proceeding on Eighth Amendment deliberate indifference claims that defendants Hoffman and Reynolds prescribed him medication that they knew or should have known would cause plaintiff harm given his medical history and the medications he was taking. In the order screening plaintiff's complaint, I denied plaintiff leave to proceed against any other defendant because he failed to make any specific allegations about what role those individuals had in violating his constitutional rights. Dkt. #8. Now before the court is plaintiff's request that I reconsider my order screening his complaint and allow him to proceed on claims against medical transportation company MAAA, Inc., health services unit manager Huneke and nurses Rink, Dobbler and Fruch. Dkt. #15.

      For the reasons below, I am denying plaintiff's motion for reconsideration because his allegations are not sufficient to state a deliberate indifference claim against Huneke, the nurses or MAAA, Inc. At plaintiff's request, I have amended the caption to reflect the correct spelling of his last name.

1

OPINION

In his original complaint, plaintiff alleged that he has a heart problem and that defendants Dr. Hoffman and Dr. Reynolds each prescribed him a medication for an unrelated condition that caused him chest pains, low blood pressure and low oxygen levels, for which he was taken to the emergency room on July 4, 2018. He also alleged that after arriving at the hospital, technicians with the transportation company (which plaintiff has now identified as MAAA, Inc.) dropped the cot that he was lying on, injuring his lower back. Plaintiff further alleged that since that time, he has been trying to get medical care for his lower back but has not received any, and has been denied his heart monitor machine. However, he said nothing about how health services unit manager Huneke or the nursing staff were involved in any of these incidents.

In his motion for reconsideration, plaintiff explains that Huneke is responsible for managing the nursing staff who denied or failed to address plaintiff's requests for treatment. He also alleges that he and his social worker contacted Huneke several times to "fix the problem" of appointments being pushed back by months. However, plaintiff's allegations are too vague to state a claim against Huneke or the nursing staff. He does not explain what treatment he is talking about or how or when these individuals failed to help him.

Plaintiff faces two problems with respect to his allegations against MAAA, which is the privately-owned transportation company that the prison used to transport him to the hospital on July 4, 2018. First, plaintiff filed his lawsuit under 42 U.S.C. § 1983, which requires him to show that a *person* acting under the color of state law deprived him of a

2

constitutional right. Reynolds v. Jamison, 488 F.3d 756, 764 (7th Cir. 2007). This law does not allow him to sue a corporation for acts allegedly committed by its employees. Rodriguez v. Plymouth Ambulance Services, 577 F.3d 816, 822 (7th Cir. 2009) (no respondeat superior liability under § 1983). Although "a private corporation can be liable if the injury alleged is the result of a policy or practice," id. (citing Woodward v. Correctional Medical Services, 368 F.3d 917, 927 (7th Cir. 2004)), plaintiff has not alleged that a policy or practice led to the alleged misconduct in this case. Plaintiff also has not made sufficient allegations to show that MAAA's conduct is "fairly attributable to the state" or that any person associated with MAAA acted "in concert with state actors." Rodriguez, 577 F.3d at 823 (explaining requirement for "acting under the color of state law).

Second, Rule 20(a)(2) of the Federal Rules of Civil Procedure prohibits plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless plaintiff: (1) asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Although plaintiff alleges that the injury to plaintiff's back occurred while he was being taken to the hospital for side effects from medications improperly prescribed by defendants Hoffman and Reynolds, there is no clear connection between his transportation and the allegedly improperly prescribed medication that would satisfy Rule 20. The claims against defendants Hoffman and Reynolds do not share important questions of law or fact with plaintiff's

3

proposed claims against MAAA or its employees. Rather, the claims involve distinct incidents that occurred at different times and involved a different core set of defendants.

ORDER

IT IS ORDERED that

1. Plaintiff Thomas Tomajcik's request for reconsideration of the screening order, dkt. #15, is DENIED. Plaintiff is DENIED leave to proceed on any additional claim.

2. The caption of this case shall be amended to reflect the correct spelling of plaintiff's last name.

Entered this 22d day of October, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge